﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 191216-57018
DATE: March 31, 2021

REMANDED

Entitlement to service connection for obstructive sleep apnea, to include as secondary to service-connected disabilities, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1994 to May 1998.

A rating decision was issued under the legacy system in December 2018 and the Veteran submitted a timely notice of disagreement (NOD). In November 2019, the agency of original jurisdiction (AOJ) issued a Statement of the Case (SOC). The Veteran opted the claim(s) into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a December 2019 VA Form 10182, Decision Review Request: Board Appeal (NOD), identifying the November 2019 SOC. Therefore, the November 2019 SOC is the decision on appeal.

In the December 2019 VA Form 10182, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the November 2019 SOC, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Additionally, the Board notes that the Veteran has requested that this case be advanced on the docket due to financial hardship (difficulty paying utility bills and car loan payments). See VA Form 21-4138, Statement in Support of Claim (together with attachments), received in October 2018. The motion to advance the case on the docket is granted pursuant to 38 C.F.R. § 20.800(c). 38 U.S.C. § 7107(b).

Under the AMA, remand is available only to correct pre-decisional errors. 38 C.F.R. § 20.802. The claims are being remanded to correct certain pre-decisional errors, as further explained below.

1. Entitlement to service connection for obstructive sleep apnea, to include as secondary to service-connected disabilities is remanded.

The Veteran claims entitlement to service connection for obstructive sleep apnea (OSA), including as secondary to his service-connected disabilities. In October 2018, he submitted multiple medical articles as evidence in support of his claim, including one entitled “The Association of Obstructive Sleep Apnea and Chronic Pain.” Private treatment records that the Veteran submitted, along with VA examination reports and addendum opinions, indicate that the Veteran’s OSA is likely due, in whole or in part, to his weight. A statement attached to a notice of disagreement on the issue of entitlement to TDIU that was received in June 2017 details physical limitations that the Veteran attributes to his service-connected conditions. After the November 2019 SOC, including at his February 2021 videoconference hearing before the undersigned Veterans Law Judge, the Veteran contended that his weight gain was caused by his service-connected orthopedic disabilities (e.g., his lumbar spine, right elbow, right shoulder, left knee, and left ankle disabilities). The Veteran also testified that his sleep apnea is related to his service-connected asthma.

The Board notes that obesity is not considered a disease or disability for VA purposes and is not subject to service connection. See Marcelino v. Shulkin, 29 Vet. App. 155, 156 (2018). However, obesity may be an intermediate step between a service-connected disability and a current disability that may be service-connected on a secondary basis. 38 C.F.R. § 3.310; see also Walsh v. Wilkie, 32 Vet. App. 300 (2020).

Considering the above, and most importantly the Veteran’s submission of the article entitled “The Association of Obstructive Sleep Apnea and Chronic Pain,” the Board finds that a medical opinion should have been obtained on whether the Veteran’s OSA was caused by weight gain that was attributable to his service-connected orthopedic disabilities and right upper extremity neuropathy and left lower extremity radiculopathy. Further, the Board finds that the AOJ’s failure to obtain such an opinion was a pre-decisional duty to assist error as this theory of entitlement was raised prior to the November 2019 rating decision on appeal; therefore, reman is necessary to correct to this error.

The matters are REMANDED for the following action:

1. Obtain a medical opinion from an appropriate clinician regarding the nature and etiology of the Veteran’s obstructive sleep apnea. An examination of the Veteran should be scheduled only if deemed necessary to prepare the medical opinion (or telehealth interview, review of the record, etc., if an in-person examination is not feasible). To prepare the addendum opinion regarding the etiology of his sleep apnea, the clinician should review the claims file. The clinician is requested to answer the following: 

(a.) Is it at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s obesity has been caused by his service-connected orthopedic or peripheral nerve conditions (e.g., his lumbar spine, right elbow, right shoulder, left knee, left ankle disabilities, right upper extremity neuropathy, and left lower extremity radiculopathy disabilities) limited his mobility and activity level?

(b.) Is it at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran’s obesity has been aggravated (increased in severity) by his service-connected orthopedic or peripheral nerve conditions (e.g., his lumbar spine, right elbow, right shoulder, left knee, left ankle disabilities, right upper extremity neuropathy, and left lower extremity radiculopathy disabilities) limited his mobility and activity level?

(c.) If, and only if, the Veteran’s obesity is deemed to have been caused or aggravated by his service-connected orthopedic or peripheral nerve conditions (e.g., his lumbar spine, right elbow, right shoulder, left knee, left ankle disabilities, right upper extremity neuropathy, and left lower extremity radiculopathy disabilities), please explain whether sleep apnea would not have occurred but for obesity caused or aggravated by the service-connected orthopedic or peripheral nerve disabilities.

The VA examiner should note that the Veteran’s obesity is not a disease or disability for VA benefits purposes; however, it may act as an intermediate step between a service-connected disability and a current disability that may be service-connected on a secondary basis. To determine whether any weight gain or obesity is an intermediate step between the Veteran’s service-connected orthopedic and peripheral nerve disabilities and sleep apnea, the examiner should fully answer the above questions.

The examiner is asked to provide a rationale to support the opinion(s) that is as detailed as is reasonably possible. In answering these questions, the examiner is asked to address, as necessary:

(i) The multiple medical articles submitted by the Veteran, including one entitled “The Association of Obstructive Sleep Apnea and Chronic Pain.”

(ii) A statement attached to a notice of disagreement on the issue of entitlement to TDIU that was received in June 2017 which details physical limitations that the Veteran attributes to his service-connected conditions.

(Continued on the next page)

 

(iii) The Veteran’s February 2021 hearing testimony in which he stated that his weight gain was caused by his service-connected orthopedic disabilities (e.g., his lumbar spine, right elbow, right shoulder, left knee, and left ankle disabilities).

The examiner must provide a comprehensive report including complete rationale for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions. If an opinion cannot be provided without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

 

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Banks, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.